IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY L. WATTS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:17-CV-00778 |
| | : | |
| MANSFIELD UNIVERSITY OF | : | (Judge Brann) |
| PENNSYLVANIA OF THE STATE | : | |
| SYSTEM OF HIGHER EDUCATION, | : | |
| CHUCK COLBY, JAMES PARKER, | : | |
| DIA CARLETON, and | : | |
| ALAN GOLDEN, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
July 2, 2015

Currently pending before the Court is Plaintiff Larry L. Watts' Motion for an Extension of Time to Serve Defendants, (ECF No. 31), as well as Defendants Alan Golden's and James Parker's (collectively the "Moving Defendants") Motion to Dismiss for Insufficient Service.  (ECF No. 24).  Briefing has concluded and these motions are now ripe for disposition.  For the following reasons, Moving Defendants' Motion is denied, while Mr. Watts' Motion is granted.

**I. BACKGROUND**

On April 23, 2014 Mr. Watts filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983, as well as under the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Pennsylvania Human

Relations Act.  (ECF No. 1).  Mr. Watts named Mansfield University of the State System of Higher Education ("Mansfield University") as the defendant; Mansfield University filed an answer to the complaint on June 23, 2014.  (ECF No. 6).  On October 9, 2014, Mr. Watts amended the complaint to add four individual defendants, including Mr. Parker and Mr. Golden.  (ECF No. 14).

Mr. Watts avers that he attempted to effectuate service on the new defendants by mailing the Amended Complaint, Summons, Notice of Suit, and Waiver of Service to their last known addresses at Mansfield University.  (ECF No. 32).  Unbeknownst to Mr. Watts, Moving Defendants were no longer employed by Mansfield University, and therefore were not served.  Mr. Watts asserts that none of the mailings were returned to him as undeliverable.  Id.

On November 14, 2014, Mansfield University submitted a response to Mr. Watts' first set of interrogatories.  (ECF No. 31, Ex. 1).  Interrogatory number three requested the contact information for "each person who had knowledge of the facts of this matter or who may be called to testify at the trial of this matter."  Id. at 2. Neither Mr. Parker's nor Mr. Golden's information was provided.  Id. at 2-3.  Thereafter, defendants Dia Carleton and Chuck Colby waived service of the Amended Complaint and on December 12, 2014, Mansfield University, Ms. Carleton, and Mr. Colby filed an answer to the Amended Complaint.  (ECF No. 18).

On February 6, 2015, the deadline to serve defendants with the Amended Complaint passed without Mr. Watts having properly served Moving Defendants. Similarly, the deadline to file an answer or reply to a requested waiver of service passed without any action from Moving Defendants. Mr. Watts apparently made no further effort to serve Moving Defendants prior to the deadline, nor did he move for an extension of time to effectuate service. Mr. Parker was eventually served with the Amended Complaint on April 14, 2015, while Mr. Golden was served on April 15, 2015. (ECF Nos. 19, 20).

**II. DISCUSSION**

When examining a motion for an extension of time to perfect service, the United States Court of Appeals for the Third Circuit has instructed district courts to follow a two-step process. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). First, the court "should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended." Id. If, however, good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Id.

**A. Good Cause**

The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' . . . which requires 'a demonstration of good faith on the part of the party

seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Thus, "the primary focus [in such an inquiry] is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Courts will also examine the "prejudice to the defendant by lack of timely service" and "whether plaintiff moved for an enlargement of time to serve." Id. (citing United States v. Nuttall, 122 F.R.D. 163, 166–67 (D. Del. 1988)).

The particular facts of this case lead the Court to conclude that good cause for an extension of time does not exist. First, the reasons for Mr. Watts' failure to timely serve Moving Defendants do not demonstrate reasonable efforts on his part. Although Mr. Watts attempted to serve the two defendants at their last known place of work – Mansfield University – and the mailings were not returned as undeliverable, this effort was not adequate in light of the facts that subsequently emerged.

Counsel entered an appearance on behalf of defendants Mansfield University, Ms. Carleton, and Mr. Colby, but did not enter an appearance for Moving Defendants. (ECF No. 17). An answer to the Amended Complaint was filed by Mansfield University, Ms. Carleton, and Mr. Colby, but no answer was filed by Moving Defendants, even after the deadline to file an answer expired.

(ECF No. 18). These facts would have given sufficient notice to a diligent plaintiff that the defendants may not have been properly served.

Second, Mr. Watts did not file for an extension of time to effectuate service until June 12, 2015, 126 days after the expiration of the time to serve the defendants. (ECF No. 31). Although as discussed *infra*, the Court does not believe any significant prejudice would result to the defendants in this case by granting an extension, this lack of prejudice does not outweigh the other two factors. As two of the three factors weigh against a finding of good cause, the Court concludes that good cause is not present.

### B. Exercise of Discretion

In examining whether to exercise discretion in granting an extension of time to serve defendants, courts examine, *inter alia*: whether the defendant would suffer prejudice, whether "the applicable statute of limitations would bar the refiled action, or [whether] the defendant is evading service or conceals a defect in attempted service." Petrucelli, 46 F.3d at 1305-06 (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993)).

An examination of these factors leads to the conclusion that an exercise of discretion to allow an extension of time is appropriate. First, the Court finds that the defendants would suffer minimal, if any, prejudice. Although Moving Defendants assert that they would be prejudiced since litigation has been "ongoing

for over a year[,]" this assertion is misleading.  (ECF No. 35, p. 5).  Moving Defendants are utilizing the same attorney as the other three defendants; this attorney has represented Mansfield University since the inception of litigation.  Therefore, no new attorney will need to play catch-up in this case.

Second, the statute of limitations has expired on all of Mr. Watts' claims against both Mr. Parker and Mr. Golden.  See (ECF No. 35, pp. 6-7).  Contrary to Moving Defendant's protestations otherwise, this factor cuts significantly against denying Mr. Watts' motion.  In that vein, the Third Circuit has stated that the expiration of an applicable statute of limitations is a reason to grant an extension, not deny one.  See, Petrucelli, 46 F.3d at 1306 (holding that a district court should "consider whether the running of the statute of limitations would warrant *granting* an extension of time") (emphasis added).

Although Mr. Parker and Mr. Golden took no steps to evade service, this factor does not outweigh the remainder of the Court's analysis.  Moving Defendants would not be prejudiced by the Court's decision to grant Mr. Watts' Motion while, in contrast, Mr. Watts would suffer extreme prejudice should the Court deny his Motion.  In balancing these equities, it is appropriate to exercise discretion and permit Mr. Watts a reasonable period of time to perfect service on Mr. Parker and Mr. Golden.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Extension of Time to Serve Defendants (ECF No. 31) is granted.  Because the Court is granting Plaintiff's Motion, the Defendants' Motion to Dismiss for Insufficient Service is denied as moot.

BY THE COURT

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge